IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT

AUG - 9 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01203-OES

JORGE CASTILLO,

    Applicant,

v.

OFFICER SUBIA LARRY,
DET. JASON CARRIGAN #93024,
OFFICER LEUTHAUSER JESS., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO AMEND THE APPLICATION

---

    Applicant Jorge Castillo has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his State of Colorado conviction. The Court must construe the Application liberally, because Mr. Castillo is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Castillo will be ordered to file an Amended Application and to show cause why the Application should not be denied for failure to exhaust state-court remedies.

    Mr. Castillo alleges that on February 14, 2003, he was convicted after a jury trial in Denver County District Court, Case No. 03-CA-846, of possession of cocaine and possession with intent to distribute cocaine and was sentenced to two years probation and thirteen months of incarceration.

Mr. Castillo asserts that he appealed the conviction and that the case was remanded to the state district court on March 31, 2005, and that he appealed the remand, which was denied on March 23, 2005. Applicant also states that he filed a motion requesting a sentence reconsideration on June 29, 2005, that he also filed a postconviction motion on or about February 14, 2003, and that his appeal was affirmed on April 1, 2005, but that his sentence also was vacated by the Colorado Supreme Court on April 1, 2005.

In the instant application, Mr. Castillo presents three claims asserting that the officers provided false statements to obtain a search warrant which resulted in his conviction. He states that he has not presented his claims to the state's highest court.

The information Mr. Castillo has provided regarding the exhaustion of his claims in state court is not only contradictory and unintelligible, but it fails to demonstrate that he has exhausted state-court remedies. Pursuant to 28 U.S.C. § 2254 (b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. See **Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Therefore, Mr. Castillo will be ordered to amend the Application, respond to the questions in the form, and provide understandable information about how he has exhausted the claims that he seeks to raise in the instant action.

Applicant also should take note that he has failed to name a proper respondent in addition to the Attorney General of the State of Colorado. Pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who is the custodian of the person detained. The only correct respondent would be the custodian of the facility where Mr. Castillo is incarcerated. Accordingly, it is

ORDERED that Mr. Castillo file, **within thirty (30) days from the date of this order**, an Amended Application that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Castillo, together with a copy of this Order, two copies of an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form that he may use, if he so desires, in submitting an Amended Application that clarifies whether he has exhausted state remedies. It is

FURTHER ORDERED that the Amended Application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado,

Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294, **within thirty (30) days from the date of this Order.** It is

FURTHER ORDERED that if Mr. Castillo fails within the time allowed to file an Amended Application the Application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court's Order dated July 20, 2005, is vacated and that Mr. Castillo's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, filed August 1, 2005, is granted.

DATED at Denver, Colorado, this 8th day of August, 2005.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-1203-ES

Jorge Castillo
Prisoner No. 193291
Jefferson County Jail
PO Box 16700
Golden, CO 80401

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 8/9/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk